IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARRMON H. DAUGHERTY, | ) | 4:12CV3133 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DENZIN, OFC., 1622, HOSE, OFC., | ) | |
| 1606, and CITY OF LINCOLN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on several Motions filed by the parties. (*See* Filing Nos. 18, 21, 25, 26, 27, 29, 34, 37, 40, 42, 44, 48 and 56.)

I.   *Plaintiff's Motions Relating to Defendants' Answer*

On December 6, 2012, the court granted Defendants an extension of time to file a responsive pleading by January 9, 2013. (Filing No. 12.) On January 9, 2013, Defendants filed a timely Answer to Plaintiff's Complaint. (Filing No. 16.)

However, on January 17, 2013, Plaintiff filed a Motion to Compel. (Filing No. 18.) In the Motion, Plaintiff argues that Defendants did not file an answer. (*Id*.) Plaintiff asks the court to compel Defendants to answer. (*Id*.) Seven days later, Plaintiff filed a Motion for Default Judgment. (Filing No. 21.) In the Motion, Plaintiff asks the court to enter a default judgment against Defendants for failing to file an answer. (*Id*.)

As discussed above, Defendants filed a timely Answer. Accordingly, Plaintiff's Motion to Compel (filing no. 18) and Motion for Default Judgment (filing no. 21) are denied.

## II. *Plaintiff's March 14, 2013, Motions to Compel*

On March 14, 2013, Plaintiff filed three Motions to Compel. (Filing Nos. 25, 26 and 27.) In response, Defendants filed an Objection and Brief in Opposition. (Filing No. 34.) In their Brief, Defendants argue, among other things, that Plaintiff failed to comply with the court's local rules, which provide that "this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord." (*Id*.) *See also* NECivR 7.1(i).

Plaintiff responded to Defendants' Objection by filing a Brief in Opposition. (Filing No. 43.) In this Brief, Plaintiff states that he does not have access to the court's local rules, but admits that he is not "exempt from following" them. (*Id*. at CM/ECF pp. 1-2.) Because Plaintiff failed to comply with the court's local rules, his March 14, 2013, Motions to Compel (filing nos. 25, 26 and 27) are denied and Defendant's Objection (filing no. 34) is granted.

## III. *Plaintiff's Motions Related to his Request for Admissions*

On March 18, 2013, Plaintiff filed a Motion Pursuant to Fed. R. Civ. P. 36(a)(3), asking the court to deem his requests for admissions regarding "Ofc." Denzin ("Denzin") and "Ofc." Hose ("Hose") admitted because Defendants failed to respond. (Filing No. 29.) Attached to Plaintiff's Motion are two requests for admissions, one for Denzin and one for Hose. (*Id*.) Each attachment has a "certificate of service" section indicating that Plaintiff mailed the requests to Defendants' counsel on January 22, 2013. (*Id*.) Plaintiff, however, did not file a corresponding certificate of service with the court on January 22, 2013, or thereafter, showing that he mailed the requests to Defendants' counsel. (*See* Docket Sheet.)

2

On April 1, 2013, Defendants filed an Objection to Plaintiff's Motion Pursuant to Fed. R. Civ. P. 36(a)(3) (filing no. 42) arguing that Plaintiff did not serve any request for admissions upon Defendant Denzin or Defendant Hose. (*Id*.) Plaintiff did not respond to Defendants' Objection. (*See* Docket Sheet.)

On April 25, 2013, counsel for Defendants Denzin and Hose certified that she mailed responses to Plaintiff's Request for Admissions for both Denzin and Hose. (Filing No. 53.) On May 13, 2013, Plaintiff filed an Objection in Opposition arguing that the delayed answers affected his ability to obtain appropriate discovery. (Filing No. 56.) More specifically, Plaintiff disagrees with several of Defendants' answers to his Requests and states that the late response denied him the opportunity to file a motion to compel. (*Id*. at CM/ECF p. 2.) When liberally construed, Plaintiff's argument (i.e. that he did not get an opportunity to file a motion to compel) is more accurately an argument that he did not get the opportunity to challenge the sufficiency of Defendants' answers and objections to certain requests for admission.

The court has carefully reviewed the parties' arguments regarding Plaintiff's Request for Admission. In light of the facts above, Plaintiff's Motion Pursuant to Fed. R. Civ. P. 36(a)(3) (filing no. 29) and his Objection to Defendants' late answers to his Requests for Admission (filing no. 56) are denied. In addition, Defendants' Objection to Plaintiff's Motion Pursuant to Fed. R. Civ. P. 36(a)(3) (filing no. 42) is granted. However, Plaintiff and Defendants are directed to work toward a resolution regarding Plaintiff's disagreement with Defendants' answers to his Requests for Admissions. If the parties are unable to come to a resolution by July 10, 2013, Plaintiff may file a motion challenging the sufficiency of Defendants' answers and objections in accordance with the court's local rules by July 17, 2013.

### IV. *Defendants' Motion to Compel*

On March 28, 2013, Defendants filed a Motion to Compel along with a Brief and Index of Evidence in Support. (Filing Nos. 37, 38 and 39.) In their Motion,

3

Defendants argue that (1) Plaintiff's objections to Defendants' Interrogatories are invalid, (2) Plaintiff's responses to Defendants' Interrogatories are not adequate, (3) Plaintiff's objections to Defendants' Requests for Production are invalid, and (4) that Plaintiff has failed to provide documents in response to Defendants' Request for Production. (Filing No. 37.)

In their Brief in Support, Defendants state that they served Interrogatories on Plaintiff on February 8, 2013. (Filing Nos. 23 and 39.) Defendants received Plaintiff's Responses to these Interrogatories on March 20, 2013. (Filing No. 38-2.) Thereafter, Defendants requested, and were granted, an extension of time to file a Motion to Compel. (Filing Nos. 32 and 33.) However, on March 27, 2013, Plaintiff certified that he sent an Amended Response to Defendants' Interrogatories. (Filing No. 35.) Defendants state that they did not have another opportunity to communicate with Plaintiff regarding his Amended Response before filing their Motion to Compel. (Filing No. 39 at CM/ECF pp. 1-2.)

In addition to their Interrogatories, Defendants mailed Plaintiff Requests for Production on February 9, 2013. (Filing No. 23.) Plaintiff timely filed a response to Defendants' Request for Production. (Filing No. 38-4.) However, because his response was not in the format required by NECivR 34.1(a), Defendants sent Plaintiff a letter asking him to correct the deficiency by March 21, 2013. (Filing No. 38-1.) Thereafter, Plaintiff provided an Amended Response to Defendant's Request for Production that complied with NECivR 34.1. (*See* Filing No. 38-5.) Defendants received this Response before they filed the pending Motion to Compel. (*See* Filing Nos. 37 and 38-5.)

On April 10, 2013, Plaintiff filed an Objection to Plaintiff's Motion to Compel along with a Brief and Index in Support. (Filing Nos. 44 and 45.) In his Brief, Plaintiff argues that Defendants have not complied with NECivR 7.1(i) because they did not sincerely attempt to resolve differences with Plaintiff. (Filing No. 44 at CM/ECF p. 2.)

4

The court has carefully reviewed the parties' arguments. Because Defendants have not shown that they attempted to communicate with Plaintiff regarding his Amended Response to Defendants' Interrogatories or his Amended Response to their Request for Production, the court will deny Defendants' Motion to Compel (filing no. 37) and grant Plaintiff's Objection (filing no. 44). Plaintiff and Defendants are directed to work toward a resolution regarding their discovery disagreements. If the parties are unable to come to a resolution by July 10, 2013, Defendants may file a motion to compel by July 17, 2013.

## V.   *Plaintiff's Motion for Clarification of State Law Claims*

On March 29, 2013, Plaintiff filed a Motion for Clarification of State Law Claims. (Filing No. 40.) In his Motion, Plaintiff asks the court to clarify whether his state law claims for negligence against Defendants City of Lincoln, Denzin and Hose are still pending before the court. (*Id*.) On October 19, 2012, the court permitted Plaintiff's claims, including Plaintiff's state law claims, against the City of Lincoln, Denzin and Hose to proceed to service. (Filing No. 9.) Plaintiff's state law claims against the City of Lincoln, Denzin and Hose are still pending before the court.

## VI.   *Plaintiff's Motion for Subpoenas*

On April 17, 2013, Plaintiff filed a Motion for Subpoenas. (Filing No. 48.) In this Motion, Plaintiff states that "CCA" and "Saline County Jail" have refused to produce medical records for this case. (*Id*.) Plaintiff asks the court to provide him with forms so that he may subpoena "CCA" and "Saline County Jail." (*Id*.) Plaintiff's Motion for Subpoenas is granted and the Clerk of the court is directed to send Plaintiff two copies of the form AO 88B.

5

IT IS THEREFORE ORDERED that:

1. Plaintiff's January 17, 2013, Motion to Compel (filing no. 18) and Motion for Default Judgment (filing no. 21) are denied.

2. Plaintiff's March 14, 2013, Motions to Compel (filing nos. 25, 26 and 27) are denied.

3. Defendants' Objection to Plaintiff's Motion to Compel (filing no. 34) is granted.

4. Plaintiff's Motion Pursuant to Fed. R. Civ. P. 36(a)(3) (filing no. 29) and his Objection to Defendants' late answers to his Requests for Admission (filing no. 56.) are denied.

5. Defendants' Objection to Plaintiff's Motion Pursuant to Fed. R. Civ. P. 36(a)(3) (filing no. 42) is granted.

6. Defendants' Motion to Compel (filing no. 37) is denied.

7. Plaintiff's Objection to Defendants' Motion to Compel (filing no. 44) is granted.

8. Plaintiff and Defendants are directed to work toward a resolution regarding their discovery disagreements. If the parties are unable to come to a resolution by July 10, 2013, Defendants may file a motion to compel, and Plaintiff may file a motion challenging the sufficiency of Defendants' answers and objections to his Request for Admissions, by July 17, 2013.

9. Plaintiff's Motion for Clarification of State Law Claims (filing no. 40) is granted.

6

10. Plaintiff's Motion for Subpoenas (filing no. 48) is granted. The Clerk of the court is directed to send Plaintiff two copies of the form AO 88B.

11. Dispositive Motions. All dispositive motions shall be filed on or before **August 19, 2013**. The parties must comply with the provisions of NECivR 7.1 and NECivR 56.1 when filing summary judgment motions.

12. Pretrial Conference.

    a. Defense counsel will have the primary responsibility for drafting the Order on Final Pretrial Conference, pursuant to the format and requirements set out in NECivR 16.2(a)(2). The plaintiff will be responsible for cooperating in the preparation and signing of the final version of the Order. The Order should be submitted to the plaintiff and to any other parties by **October 21, 2013**. The plaintiff shall provide additions and/or proposed deletions to defense counsel by **October 25, 2013.** Defense counsel shall submit the Proposed Order on Final Pretrial Conference to the court by no later than **November 8, 2013**. If a party proposes an addition or deletion which is not agreed to by all the other parties, that fact should be noted in the text of the document. The Proposed Order on Final Pretrial Conference must be signed by all pro se parties and by counsel for all represented parties.

    b. The Final Pretrial Conference will be held before the Magistrate Judge on **November 14, 2013, at 9:00 a.m.** Prior to the pretrial conference, all items as directed in NECivR 16.2 and full preparation shall have been completed so that trial may begin at any time following the Pretrial Conference.

  c. If a plaintiff is held in an institution, the pretrial conference will be by telephone. In that case, Defense counsel shall contact the plaintiff's institution in advance and arrange to initiate and place the conference call.

 13. The trial date will be set by the Magistrate Judge at the time of the Final Pretrial Conference.

 14. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Pretrial conference before Magistrate Judge Cheryl Zwart to be held on November 14, 2013.

 DATED this 13th day of June, 2013.

        BY THE COURT:

        s/ Joseph F. Bataillon
        United States District Judge

---

 *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.